**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Glen D. BELL; Jeanette R. Bell,**
**Defendants–Appellants,**

and

**The Glen D. Bell Family Trust, Glen**
**and Jeanette Bell as Trustees of the**
**Glen D. Bell Family Trust; et al.,**
**Defendants.**

No. 00–16515.
D.C. No. CV–95–05346–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 28, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Glen D. Bell and Jeanette Bell appeal pro se the district court's order denying their Fed.R.Civ.P. 60(b) motion to vacate a 1998 judgment enabling the United States to foreclose on federal tax liens on a Stanislaus County, California property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's denial of a Fed.R.Civ.P. 60(b)(4) motion to set aside a judgment as void, *Retail Clerks Union Joint Pension Trust v. Freedom Food Ctr., Inc.,* 938 F.2d 136, 137 (9th Cir.1991), and we affirm.

The district court did not err by denying the Bells' Rule 60(b)(4) motion because the Bells failed to establish that the district court lacked jurisdiction or that the district court acted in a manner inconsistent with due process of law. *See United States v. Berke,* 170 F.3d 882, 883 (9th Cir.1999).

The Bells' Rule 60(b)(3) motion based on fraud was untimely filed. *See* Fed.R.Civ.P. 60(b)(3). We decline to address the Bells' contention regarding the Seventh Amendment because it was not raised in the Rule 60(b) motion.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

